UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RUBICON GLOBAL VENTURES, INC.,
an Oregon corporation; and Z MOTORS,
INC., an Oregon corporation,

        Plaintiffs,

      v.

CHONGQING ZONGSHEN GROUP
IMPORT/EXPORT CORP., a foreign
corporation; CHONGQING ZONGSHEN
GROUP, a foreign corporation;
CHONGQING ZONGSHEN POWER
MACHINERY CO. LTD, a foreign
corporation; ZONGSHEN INDUSTRIAL
GROUP, a foreign corporation; ZONGSHEN
INDUSTRIAL GROUP, CO. LTD, a
foreign corporation also known as
Zongshen Industrial Group; ZONGSHEN
USA HOLDINGS, INC.; ZUO
ZONGSHEN; DEXIU YUAN; and
YING ZUO,

        Defendants.
_____

Civil No. 09-818-HA (Lead case)
Civil No. 09-1397-HA
Civil No. 10-833-HA

OPINION AND ORDER

HAGGERTY, District Judge:

1  - OPINION AND ORDER

After this court granted in part and denied in part defendants' Motion to Dismiss in case number 05-1809-HA, plaintiffs filed a Second Amended Complaint in the remaining consolidated cases.  Defendants again moved to dismiss plaintiffs' claims.  Oral argument was deemed unnecessary for resolving the issues presented.

For the following reasons, defendants' Motion to Dismiss [132] is granted and plaintiffs' Motion for Discovery [146] is denied as moot.

**BACKGROUND**

This case has a tortured procedural history.  Plaintiffs filed their first Complaint in 2005 against Zongshen, Inc. and Zongshen of China alleging claims for breach of contract and fraud (case number 05-1809-HA, *Rubicon I*) .  This court granted summary judgment for defendants, dismissing without prejudice and ordering plaintiffs to amend their Complaint to name the proper parties.

Plaintiffs then filed a First Amended Complaint in 2008 naming four corporations: Zongshen, Inc., Chongqing Zongshen Group Import/Export Corp. (ZSIE), Chongqing Zongshen Group (ZS Group), and Zongshen Industrial Group (ZIG).  Defendant Zongshen Inc. settled with plaintiffs and was dismissed from the action.  Plaintiffs attempted service on the remaining defendants in Florida.  When defendants failed to appear, the court entered default judgments against them.

Plaintiffs filed a new case on July 15, 2009 (case number 09-818-HA, *Rubicon II*), alleging the same fraud claims as *Rubicon I*, as well as claims under the Oregon and federal

Racketeer Influenced and Corrupt Organizations (RICO) acts.[1]  In *Rubicon II*, plaintiffs named

four corporations—ZSIE, ZS Group, ZIG, and Zongshen USA Holdings, Inc.—and three

individuals as officers of the corporations, Zuo Zongshen, Dexiu Yuan, and Ying Zuo.

While attempting to collect the default judgments in *Rubicon II*, plaintiffs filed another

case (case number 09-1397-HA, *Rubicon III*) that was identical to *Rubicon II*, but added

Zongshen Industrial Group, Co. Ltd as a defendant.  Plaintiffs allegedly discovered that ZIG

used this entity's name in Canada, and elected to file a new case to collect against that defendant.


By the end of 2009, the court had entered defaults against all remaining defendants in

*Rubicon I*, *Rubicon II*, and *Rubicon III*, as well as default judgments totaling more than

$185,000,000.00.

In April 2010, defendants moved to set aside the defaults and to vacate the default

judgments.  After reviewing the service of process on defendants, this court vacated the default

judgments in *Rubicon I* and *Rubicon III* due to improper service.  In *Rubicon II*, this court found

that it lacked personal jurisdiction over defendant Ying Zuo.  Pursuant to the court's order,

defendants moved to dismiss all defendants from *Rubicon I*, *Rubicon II*, and *Rubicon III*.

---

[1]  Plaintiffs filed an Amended Complaint in *Rubicon II* after failing to sign the original
Complaint.

While awaiting a decision on defendants' motion to dismiss, plaintiffs filed another case (case number 10-833-HA, *Rubicon IV*).[2]  Plaintiffs amended their Complaint in *Rubicon IV* twice, and also named a new party, Chongqing Zongshen Power Machinery Co. Ltd.

On August 25, 2010, this court dismissed *Rubicon I* due to plaintiffs' failure to attempt service on defendants within five years.  In *Rubicon II,* this court dismissed defendants Ying Zuo and Zongshen USA Holdings, Inc., due to lack of personal jurisdiction.  This court also vacated an excessive default judgment against defendant Dexiu Yuan in *Rubicon II*, but left the default in place.

After reviewing supplemental briefing from the parties, this court found that the remaining defendants in *Rubicon II* were not adequately served and vacated the remaining defaults and default judgments.  Plaintiffs were ordered to serve all defendants in *Rubicon II* and *Rubicon III* through alternative service on defendants' attorney.  Plaintiffs were also granted leave to amend their complaints in *Rubicon II* and *Rubicon III* to ensure that all defendants were properly named.  Plaintiffs were also ordered to seek leave by a formal motion if plaintiffs desired to join additional defendants or change the substance of their Complaints.

On September 10, 2010, plaintiffs filed a Second Amended Complaint in *Rubicon II* and *Rubicon III* naming all defendants.  On September 13, 2010, plaintiffs properly served their Complaints in *Rubicon II*, *Rubicon III*, and *Rubicon IV* on defendants' counsel, who accepted service on behalf of all defendants.  Chen Decl. at 2.

**PENDING MOTIONS**

---

[2]  According to defendants, plaintiffs never sought defendants' consent before they filed their Second Amended Complaint in *Rubicon IV*.  Chen Decl. at 2.  For purposes of this motion, the court will excuse plaintiffs' failure to comply with Federal Rule of Civil Procedure 15(a).  The court instructs plaintiffs to obtain the court's approval or the consent of opposing counsel in the future.

4   - OPINION AND ORDER

Defendants move to dismiss all defendants from *Rubicon II*, *Rubicon III*, and *Rubicon IV*. Defendants assert that this court lacks personal jurisdiction over the defendants, that plaintiffs' claims are barred by the statute of limitations, and that plaintiffs fail to properly plead their claims. Defendants also assert that plaintiffs' multiple Complaints are duplicative. Defendants' motion is addressed first.

Plaintiffs also seek an order permitting them to conduct discovery in *Rubicon IV*. Plaintiffs' motion is rendered moot based on the resolution of defendants' motion to dismiss.

## EXHIBITS REVIEWED

In general, a court may not consider material outside of the face of the Complaint in a motion to dismiss unless the material is attached to the Complaint or properly incorporated by reference. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). If the plaintiff's claim depends on the contents of an extra-pleading document, and the parties do not dispute the document's authenticity, then the court may consider it in a motion to dismiss. *Id.* The court may also take judicial notice of matters of public record or facts that are not subject to reasonable dispute. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations omitted).

Additionally, if the defendant seeks dismissal based on jurisdictional grounds, then the parties may submit affidavits and discovery material. *See Dist. Council No. 16 of Int'l Union of Painters & Allied Trades v. B & B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007) (noting that the district court can rely on affidavits and discovery material).

Plaintiffs attach over 300 pages of exhibits to their opposition to defendants' motion to dismiss. *See* Titus Decl. None of the exhibits was referenced in any of plaintiffs' Complaints, and plaintiffs fail to establish the authenticity of the exhibits. Nevertheless, the court will review

5   - OPINION AND ORDER

the exhibits attached to the Declaration of Tracy Titus for purposes of determining whether this

court has personal jurisdiction over defendants.  The court will not consider plaintiffs' exhibits

for purposes of determining whether plaintiffs have properly stated their claims.


**DISCUSSION**

Defendants assert several bases for dismissing plaintiffs' Complaints.  After an extensive

review of the pleadings and exhibits, this court finds that it may exercise personal jurisdiction

over some of the defendants.  However, plaintiffs' claims must nevertheless be dismissed

because the statute of limitations has expired on plaintiffs' common law fraud claims and federal

RICO claims.  Plaintiffs' remaining claims brought under Oregon's RICO statute must also be

dismissed for failure to state a claim.  Plaintiffs will not be granted leave to amend their

Complaints because they have had ample opportunities to clarify their claims and failed to do so.

Accordingly, plaintiffs' actions in *Rubicon II*, *Rubicon III*, and *Rubicon IV* are dismissed with

prejudice.

**1.      Personal Jurisdiction**

Defendants contend that plaintiffs' Complaints must be dismissed for lack of personal

jurisdiction over all defendants.  Plaintiffs respond that defendants have waived their right of

dismissal under Federal Rule of Civil Procedure (FRCP) 12(b)(2).  Plaintiffs' waiver argument

will be addressed first.

**A.      Waiver**

Plaintiffs first respond that because defendants are represented by one attorney and only

Ying Zuo challenged personal jurisdiction in their initial FRCP 12(b) motion, the remaining

6   - OPINION AND ORDER

defendants should be precluded from raising the issue of personal jurisdiction. Pls.' Resp. at 7-8. The Ninth Circuit has rejected this argument. *See Schnabel v. Lui*, 302 F.3d 1023, 1034 (9th Cir. 2002) ("Despite the policy concerns underlying the waiver provisions of FRCP 12, nothing in the rule requires codefendants represented by the same counsel to raise or waive all their defenses together. We decline to read this requirement into the rule."). Accordingly, this court rejects plaintiffs' first argument for waiver.

Plaintiffs next respond that defendants waived their defense of personal jurisdiction by answering the Complaint in *Rubicon I*, and by not raising the issue in their motion to vacate the default judgments in *Rubicon II* and *Rubicon III*. Both of plaintiffs' arguments fail.

The original defendants in *Rubicon I*—Zong Shen, Inc. and Zong Shen of China—waived their right to assert the defense of lack of personal jurisdiction by failing to raise it in their Answer. *See S.E.C. v. Eurobond Exch., Ltd.*, 13 F.3d 1334, 1337 (9th Cir. 1994) ("In civil cases, [FRCP] 12(h)(1) mandates a waiver of the defense of lack of personal jurisdiction unless it is raised in the answer."). These defendants, however, are not parties in *Rubicon II*, *Rubicon III*, or *Rubicon IV* because they either settled or were not a real entity. Therefore, their original Answer is not binding on the remaining defendants. Even if defendant Zong Shen, Inc. is related to the remaining defendants, its decision to defend on non-jurisdictional grounds in *Rubicon I* does not constitute a waiver of personal jurisdiction in *Rubicon IV*. *See Dow Chemical Co. v. Calderon*, 422 F.3d 827, 835-36 (9th Cir. 2005) (holding that defendants sued in two actions over the same Nicaraguan judgment had not waived their personal jurisdiction defense in the second action by defending the first suit on the merits).

Moreover, defendants properly raised the defense of personal jurisdiction in their first appearance motions. Once a default judgment has been entered against a defendant, he or she

7   - OPINION AND ORDER

can challenge personal jurisdiction by raising the defense in a motion to set aside the default. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). A defendant may also properly challenge personal jurisdiction by filing a motion to dismiss. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) (holding that a defendant's motion to dismiss sufficiently avoids the waiver provisions in 12(h)). Defendants' motions to set aside the default judgments and motion to dismiss properly raised their personal jurisdiction defenses in each case.

In *Rubicon I*, plaintiffs were ordered to amend their Complaint to name the proper defendants and to properly serve them. After plaintiffs purportedly served their Complaint in *Rubicon I*, defendants ZSIE, ZS Group, and ZIG's first appearance was a Motion to Set Aside Default and Vacate Default Judgment. *See Rubicon I*, Doc. 226. These defendants raised the defense of lack of personal jurisdiction in their motion. *See Rubicon I*, Doc. 227 at 8-9.

In *Rubicon II*, defendants Zongshen USA Holdings, Inc., Zuo Zongshen, Dexiu Yuan, and Ying Zuo filed a Motion to Set Aside the Default Judgment that raised personal jurisdiction as a defense. *See Rubicon II*, Doc. 30; Doc. 31 at 3-5.

In *Rubicon III*, defendant Zongshen Industrial Group, Co. Ltd., also filed a Motion to Set Aside the Default Judgment. *See Rubicon III*, Doc. 11. This motion did not provide specfic facts showing a lack of personal jurisdiction over Zongshen Industrial Group, Co. Ltd., but instead incorporated the arguments made in the motions to set aside the defaults judgments in *Rubicon I* and *Rubicon II*. *See Rubicon III*, Doc. 12 at 3.

In *Rubicon IV*, all named defendants challenged personal jurisdiction by filing the pending motion to dismiss. *See Rubicon IV*, Doc. 10.

Plaintiffs' final response is that defendants' conduct during this litigation should waive their right to pursue a defense of personal jurisdiction.  Although this court finds that defendants engaged in evasive conduct prior to receiving default judgments, this court declines to find that they waived their jurisdictional rights.  Instead, defendants raised this argument in their first appearance.  *See id.* at 1318-19 (holding that "the minimum requirements of Rule 12 are satisfied when a defendant raises the issue of personal jurisdiction in a timely motion to dismiss").  Defendants have not waived their right to challenge jurisdiction.

### B.    Merits

The plaintiff bears the burden of establishing that this court has personal jurisdiction over the defendants.  *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (stating that the nonmoving party has the burden of establishing personal jurisdiction).  A plaintiff need only make a *prima facie* showing of facts that support exercising jurisdiction over the defendants.  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis: the exercise of jurisdiction must (1) satisfy the requirements of the long-arm statute of the state in which the district court sits, and (2) comport with the principles of federal due process.  *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).  Oregon Rule of Civil Procedure 4(B)-(K) provides specific bases for personal jurisdiction and subsection (L) extends jurisdiction to the limits of due process under the United States Constitution.  *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or. Ct. App. 1985); *see* Or. R. Civ. P. 4.

The Due Process Clause of the United States Constitution requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice."  *Decker Coal Co. v.*

9   - OPINION AND ORDER

*Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citation omitted). A plaintiff can establish that the defendant has minimum contacts by alleging that: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

A foreign act aimed at the forum state can demonstrate purposeful availment if the defendant: "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id.* at 1087 (citation omitted). In *Dole*, the plaintiff alleged that the international defendants fraudulently induced the California-based plaintiff to lease warehouse space in The Netherlands without disclosing all the material terms of the agreement. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1107-08 (9th Cir. 2002). The court found that the defendants "knew that [the plaintiff's] principal place of business was in California, knew that the decisionmakers for [the plaintiff] were located in California, and communicated directly with those California decisionmakers." *Id.* at 1112 (citations omitted). Therefore, the court held that the defendants were subject to personal jurisdiction in California because they had expressly aimed their actions at the forum state. *Id.*

If a plaintiff meets the first and second elements of minimum contacts, the burden shifts to the defendant to present a compelling case that jurisdiction in the forum is unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). Reasonableness is presumed if the defendants purposefully directed their actions towards the

forum state. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 (9th Cir. 1989). However, if the

plaintiff cannot establish purposeful availment, then the jurisdictional inquiry ends and the

defendant must be dismissed. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

### 1. *Zongshen USA Holdings, Inc.*

Pursuant to my Order on August 25, 2010, defendant Zongshen USA Holdings, Inc. lacks

sufficient minimum contacts to be subjected to jurisdiction in Oregon. Plaintiffs have not pled

any additional facts regarding Zongshen USA Holdings, Inc. to warrant a reversal of this

decision. Accordingly, Zongshen USA Holdings, Inc. is dismissed without prejudice from

*Rubicon II*, *Rubicon III*, and *Rubicon IV*.

### 2. *Ying Zuo*

In plaintiffs' First Amended Complaint in *Rubicon IV*, plaintiffs allege the following

additional facts regarding Ying Zuo:

> [S]he was and is an officer and on the board of directors of a Zongshen
> company, Chongqing Zongshen Power Machinery Co commencing in 2004;
> . . . [and] she met with plaintiffs' representatives before they created Z Motors,
> Inc., and made representations to plaintiffs causing the Oregon investors to
> form Z Motors, Inc., and take actions in Oregon in furtherance of the joint
> venture between plaintiffs and defendants.

*Rubicon IV*; Second Am. Compl. at 4.

Plaintiffs' new allegation that Ying Zuo actively participated in the alleged fraud by

meeting with plaintiffs and making representations that induced plaintiffs to enter the agreement

with defendants provides *prima facie* evidence to support jurisdiction over her. Although a

potential conflict arises between plaintiffs' allegations and Ying Zuo's affidavit, this court must

accept plaintiffs' uncontroverted allegations as true and resolve any conflicts between the parties'

affidavits in plaintiffs' favor. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010); *see Rubicon I*, Doc. No. 285.

### 3. *Dexiu Yuan*

As stated in my June 7, 2010 Order, Dexiu Yuan acted as president of Zongshen, Inc. and as an officer for ZS Group during negotiations with plaintiffs, and also when Zongshen, Inc. allegedly submitted fraudulent emission testing documents to the Environmental Protection Agency (EPA). Defendants have not offered any evidence to contradict this finding. Therefore, Dexiu Yuan is subject to specific personal jurisdiction in this court.

### 4. *Zuo Zongshen*

According to plaintiffs, Zuo Zongshen is the president of ZIG and "controls the remaining Zongshen companies he created including ZSIE." Pls.' Resp. at 8. Zuo Zongshen allegedly met with David Bleyle in China, and encouraged Bleyle to start a motorcycle distributorship in Oregon. *See* Titus Decl., Ex. 15, at pg. 42-43. Zuo Zongshen knew the distributorship would start in Oregon and then expand to other areas. *See* Titus Decl., Ex. 15, at pg. 91, 273-74; Titus Decl., Ex. 16, at pg. 109-110; *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (holding that contemplated future dealings between the parties should be considered in the minimum contacts analysis). Although Zuo Zongshen's decision to contract with an Oregon corporation is not sufficient to confer specific jurisdiction, plaintiffs' allegation that he committed a fraud having an effect in Oregon is sufficient. *See Ziegler*, 64 F.3d at 473. Accepting all the plaintiffs' allegations as true, plaintiffs have made a *prima facie* showing that Zuo Zongshen is subject to personal jurisdiction in Oregon.

### 5. The Corporate Entities: ZSIE, ZS Group, ZIG, Zongshen Industrial Group Co. Ltd, and Chongqing Zongshen Power Machinery Co. Ltd

Plaintiffs fail to differentiate between the five corporate entities named in their Complaints and make no specific allegations about any of them.  Based on the pleadings, the briefs submitted by the parties, and the record in this case, it appears that Zongshen Industrial Group, Co. Ltd. (ZIGCL) is the official name for the corporate entity that plaintiffs named as ZS Group and ZIG.  *See Rubicon II*, Doc. No. 30, Ma Decl. at 1-2; Doc. No. 62, Ma Decl. at 1-2. ZIGCL is the parent corporation of ZSIE and Zongshen, Inc.  *See Rubicon II*, Doc. No. 62, Ma Decl. at 2-3.  Accordingly, the court will address personal jurisdiction as to ZIGCL, ZSIE, and Chongqing Zongshen Power Machinery Co. Ltd (ZPM).

Plaintiffs name ZPM for the first time in their Second Amended Complaint in *Rubicon IV*.  Plaintiffs allege that ZPM "is a Zongshen company which manufactured all or some of the engines in the motorbikes which are the subject of this Complaint. This defendant participated in the illegal acts with ZIG and the other defendants to market motors in the United States in violation of the Clean Air Act." *Rubicon IV*, Second Am. Compl. at 2-3.

Plaintiffs have made no specific allegations to justify the exercise of personal jurisdiction over ZPM.  ZPM's role as the manufacturer of the motorcycles at issue in this case cannot confer jurisdiction over ZPM because it did not directly sell its products to Oregon.  *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (holding that allegations against international manufacturer could not support personal jurisdiction because the manufacturer merely placed the product in the stream of commerce and never sold directly to the forum).  Accordingly, ZPM is dismissed without prejudice.

13 - OPINION AND ORDER

In contrast, ZIGCL has sufficient minimum contacts with Oregon. One of ZIGCL's representatives (Yenong Xie) visited the investors in Portland, Oregon in May 2004 to discuss "Zongshen-manufactured products." Titus Decl., Ex. 15, at 64-66, 73-75. The meeting involved a purchase and sale transaction. Titus Decl., Ex. 15, at 75. At some point after these meetings, plaintiffs agreed to enter a distributorship agreement with ZIGCL that carried continuing and future consequences in Oregon. Therefore, ZIGCL is subject to personal jurisdiction in Oregon. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-80 (1985) (finding jurisdiction where dispute grew out of contract regarding a long-term franchise "that envisioned continuing and wide-reaching contacts" with the plaintiff in the forum state).

Because the activities of the parent corporation cannot confer jurisdiction over the absent subsidiary, the court must determine whether ZIGCL's subsidiaries also have minimum contacts with the forum. *Forsythe v. Overmyer*, 576 F.2d 779, 783 (9th Cir. 1978). Based on the evidence offered by plaintiffs, ZSIE sent invoices to plaintiffs in Oregon and shipped motorcycles to Oregon. *See* Titus Decl. at Ex. 21. The actions of ZSIE—independent of its parent company, ZIGCL—provide a sufficient basis for subjecting ZSIE to jurisdiction in Oregon. *See Taubler v. Giraud*, 655 F.2d 991, 994 n.2 (9th Cir. 1981) (finding that defendants knew and intended that their products be sold in the forum based on letters to customers, invoices, and a letter stating that the plaintiff would be the sole importer in the state).

In summary, based on plaintiffs' allegations in their Complaints and additional evidence provided to the court, this court concludes that personal jurisdiction may be exercised over Ying Zuo, Dexiu Yuan, Zuo Zongshen, ZIGCL, and ZSIE.[3]  However, as explained later in this

---

[3]  Although plaintiffs assert that § 1964(c) of RICO provides national jurisdiction over all defendants, the court declines to extend jurisdiction over the dismissed defendants because

14 - OPINION AND ORDER

opinion, the existence of personal jurisdiction over these defendants does not save plaintiffs'

Complaints from dismissal.

2.      **Statute of Limitations**

Defendants assert that plaintiffs' common law fraud and RICO claims in *Rubicon II*,

*Rubicon III*, and *Rubicon IV* are time-barred by the applicable statute of limitations.  Plaintiffs

respond that even if these actions were filed outside the limitations period, FRCP 15(c) allows

the claims to relate back to the filing date in *Rubicon I*.  This court finds that plaintiffs' fraud and

federal RICO claims were filed after the statute of limitations expired and rejects plaintiffs'

relation-back argument.

A.      **Fraud Claims**

Under Oregon law, plaintiffs' common law fraud and misrepresentation claims must be

commenced within two years of the discovery of the fraud.  O.R.S. § 12.110(1).  The limitations

period begins to run when the plaintiff knew of the fraud, or could have discovered it through the

exercise of reasonable diligence.  *Equitable Life & Cas. Ins. Co. v. Lee*, 310 F.2d 262, 270 (9th

Cir. 1962).  A plaintiff's knowledge of the alleged fraud depends on a two-step inquiry: (1)

whether the plaintiff had sufficient knowledge to excite attention and call for an inquiry, and (2)

if so, whether a reasonably diligent inquiry would disclose the fraud.  *Bell v. Benjamin*, 222 P.3d

741, 744 (Or. Ct. App. 2009).

Although a plaintiff's knowledge is generally a question for the jury, it can be determined

as a matter of law.  *Id.*  A plaintiff will be held to have knowledge of a fraud at the time the

---

plaintiffs failed to plead that a multidistrict conspiracy exists.  Merely naming defendants in a
RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service
provisions. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

plaintiff knows he was damaged by a false statement and knows who made it. *Or. Life & Health Ins. Guar. Ass'n v. Inter-Regional Financial Grp., Inc.*, 967 P.2d 880, 885 (Or. Ct. App. 1998).

According to plaintiffs' allegations, defendants made false representations to plaintiffs, encouraged them to invest in defendants' motorcycle business, and induced them to engage in a joint venture with defendants. *Rubicon IV*, Second Am. Compl. at 5. Defendants also purportedly failed to disclose information regarding the motorcycles' parts and EPA compliance. *Id*. at 6-7. Plaintiffs had sufficient knowledge to inquire into a possible fraud in 2004, when they contacted defendants regarding mechanical problems with the motorcycles, the motorcycles lacked EPA stickers, and the third container of motorcycles was stopped in customs due to a possible EPA issue. Plaintiffs had discovered the alleged fraud at least by November 30, 2005, the date they filed their Complaint in *Rubicon I*. Thus, *Rubicon II*, *Rubicon III*, and *Rubicon IV* are time-barred because they were filed more than two years after the date *Rubicon I* was filed.

Plaintiffs argue that the "relation back" provision of FRCP 15(c) makes plaintiffs' claims timely because they were filed in 2005. Pls.' Resp. at 25. Rule 15(c) allows an amendment to a pleading to relate back to the date of the original pleading if the amendment asserts a claim arising out of the same conduct, transaction, or occurrence. Fed. R. Civ. P. 15(c)(1)(B). A new party may also be added in an amendment arising out of the same conduct if the new party receives notice within the period for service, and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The new defendant must have actual notice of the action prior to the expiration of the limitations period. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1447 (9th Cir. 1990).

16 - OPINION AND ORDER

The parties agree that *Rubicon II*, *Rubicon III*, and *Rubicon IV* arise out of the same facts as *Rubicon I*. *See* Pls.' Resp. at 25; Defs.' Reply at 15 (arguing also that the later actions added claims and defendants). This case involves a unique situation where plaintiffs chose to file new and separate actions instead of amending their original Complaint.

Plaintiffs cite some authority to support their argument that a separately-filed complaint can relate back to a consolidated complaint. These authorities are inapplicable to the facts at bar. *See Edwards*, 892 F.2d at 1446 (noting that the district court construed a second complaint as the functional equivalent of an amendment because it had dismissed the first complaint without prejudice for naming the wrong defendant); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735-36 (9th Cir. 1988) (holding that an amendment adding fraud claims to a complaint filed two years later in federal court related back to date of the plaintiff's regulatory complaint alleging fraud that was filed with federal agency).

The plain language of FRCP 15(c) provides that only amendments to pleadings can relate back to the original complaint. Fed. R. Civ. P. 15(c); *see also Coleman v. Pac. Gas & Elec. Co.*, No. 94-17217, 1996 WL 118518, at *2 (9th Cir. Mar. 18, 1996); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (noting that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim"); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) (holding that the plain language of FRCP 15(c) "makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment").

Similarly, if a second action is filed after the first complaint was dismissed, the second action is not eligible for relation-back under FRCP 15(c). This is because no pending filing exists to which the later complaint can relate back or amend. *Henry v. Lungren*, 164 F.3d 1240,

17 - OPINION AND ORDER

1241 (9th Cir. 1999) (holding that a second habeas corpus petition did not relate back to the first

petition that was dismissed without prejudice for failure to exhaust).  If the statute of limitations

has expired before the plaintiff can file a second action, he or she must appeal the dismissal or

move to amend the first complaint.  *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1044

(9th Cir. 1992) (holding that a second complaint filed after the first complaint was dismissed was

time-barred and reversing the district court's finding that the second complaint related back

under FRCP 15(c)).

The fraud claims alleged in plaintiffs' separate Complaints in *Rubicon II*, *Rubicon III*, and

*Rubicon IV* are barred by the two-year statute of limitations.  Moreover, by the plain language in

FRCP 15(c), these claims cannot relate back to the date *Rubicon I* was filed.  Accordingly,

plaintiffs' fraud claims in *Rubicon II*, *Rubicon III*, and *Rubicon IV* are dismissed with prejudice.

### B.    Federal RICO Act claims

The statute of limitations for civil RICO actions is four years from the date the plaintiff

knew or should have known of the injury that underlies his or her cause of action.  *Pincay v.

Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001).  In this case, plaintiffs' RICO action is based

on several acts allegedly intended to defraud the United States and plaintiffs.  *Rubicon IV*,

Second Am. Compl. at 9-15.  Plaintiffs' action accrued when they had actual or constructive

knowledge of the alleged fraud.  *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431

F.3d 353, 365 (9th Cir. 2005).  Although the question of whether a plaintiff knew or should have

become aware of a fraud is ordinarily left for the jury, the court may impute constructive

knowledge to a plaintiff when he or she had "enough information to warrant an investigation

which, if reasonably diligent, would have led to discovery of the fraud."  *Id.*

18 - OPINION AND ORDER

Plaintiffs contend that they first learned of defendants' criminal acts in 2008, after defendants finally produced documents during discovery in *Rubicon I*.  Pls.' Resp. at 24.  In plaintiffs' first Complaint in *Rubicon I*, however, plaintiffs alleged that defendants induced plaintiffs to buy and market defendants' motorcycles through fraudulent representations about the motorcycles' condition and EPA compliance.  *Rubicon I*, Compl. at 2.

Plaintiffs also alleged that the third container of motorcycles was seized in customs because of EPA compliance issues, and that "[d]efendants insisted that plaintiffs could easily resolve the EPA approval problem by violating federal law and removing the stickers from models which had been approved by the state and federal agencies and [putting] the stickers on models which were not approved."  *Id.* at 4; *see also* Titus Decl., Ex. 15, at pg. 280 (stating that in October 2004, plaintiffs had reason to suspect something was wrong when the third shipment of motorcycles was stopped in customs because of a possible EPA issue).  In plaintiffs' responsive briefing, they admit that "the events in question all took place in 2004."  Pls.' Am. Resp. at 8.

Plaintiffs' allegations establish the requisite knowledge to warrant an investigation into possible fraud by the end of 2004.  *See Grimmett v. Brown*, 75 F.3d 506, 512 (9th Cir. 1996) (holding that dismissal of RICO claim was proper when plaintiff's first complaint alleged a fraud and it was clear that the plaintiff knew she had suffered an injury).   Therefore, the statute of limitations on plaintiffs' RICO claims expired before January 2009, making plaintiffs' RICO claims in *Rubicon II*, *Rubicon III*, and *Rubicon IV* untimely.

The doctrine of fraudulent concealment can equitably toll the statute of limitations "if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for

19 - OPINION AND ORDER

relief." *Pincay*, 238 F.3d at 1110.  However, a plaintiff's failure to plead the circumstances surrounding the fraudulent concealment and failure to state facts showing his or her due diligence waives the tolling defense.  *Grimmett*, 75 F.3d at 514.

Plaintiffs allege that defendants failed to disclose that they paid a fine to the EPA or that another domestic company also paid an EPA fine because of defendants' motorcycles, and affirmatively concealed false EPA submissions and the name and location of the emissions testing facility where the alleged tests were performed.  Second Am. Compl. at 6-8, 15. Plaintiffs fail to plead these allegations with particularity and fail to provide any facts showing their due diligence in trying to discover the alleged RICO violations.

Even if plaintiffs did not waive their tolling defense, it would not save their RICO claims. Plaintiffs had available the facts necessary to discover viable RICO claims, and in fact did file a claim based on the underlying fraud, in 2005.  Additionally, for the reasons previously stated, plaintiffs' claims cannot relate back to the date *Rubicon I* was filed.  Therefore, plaintiffs' RICO claims are dismissed with prejudice.

### C.    Oregon RICO Act claims (ORICO)

Oregon law provides that a civil action under ORICO "may be commenced at any time within five years after the conduct in violation of a provision of ORS 166.715 to 166.735 terminates or the cause of action accrues."  O.R.S. § 166.725(11).  Similar to federal law, a cause of action under ORICO accrues "when [the plaintiff] discovered or, in the exercise of reasonable diligence, should have discovered that [the plaintiff] had been damaged and the cause of the damage."  *Penuel v. Titan/Value Equities Grp., Inc.*, 872 P.2d 28, 31 (Or. Ct. App. 1994).

Plaintiffs allege that defendants violated state and federal laws, including possession of a forged instrument and falsifying business records. *Rubicon IV*, Second Am. Compl. at 16.

20 - OPINION AND ORDER

Accepting plaintiffs' allegations as true, plaintiffs did not discover that defendants submitted false documents to the EPA until August 2008. *Id.* at 7-8. Unlike plaintiffs' RICO claims based on fraud, plaintiffs had no reason to inquire into a possible claim based on falsified documents until they received those records from defendants. Accordingly, plaintiffs' ORICO claims in *Rubicon II*, *Rubicon III*, and *Rubicon IV* are timely.

**3.    Failure to Properly State a Claim**

Defendants assert that plaintiffs fail to adequately plead their fraud and racketeering claims in *Rubicon II*, *Rubicon III*, and *Rubicon IV*. The court will not discuss the merits of plaintiffs' fraud or RICO claims because they are barred by the statute of limitations. Therefore, the court will address the sufficiency of plaintiffs' claims under ORICO.

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

After reviewing plaintiffs' Complaints in a light most favorable to plaintiffs, this court finds that plaintiffs failed to state a claim under ORICO.

To properly plead a civil RICO claim, the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) that proximately caused injury to the plaintiff. *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007); *see Loewen v. Galligan*, 882 P.2d 104, 112 (Or. Ct. App. 1994) (noting that because ORICO was modeled after the federal RICO statute, federal case law is persuasive in interpreting ORICO).

In Oregon, a person has a cause of action for damages under ORICO only when "a criminal conviction for the racketeering activity that is the basis of the violation has been obtained, any rights of appeal have expired and the action is against the individual convicted of the racketeering activity," or if the violation is based on one of several enumerated racketeering activities. O.R.S. § 166.725(7)(a). Plaintiffs' claim for falsifying business records requires a conviction. *See* O.R.S. § 166.725(7)(a)(B). Because plaintiffs failed to plead, and likely cannot establish, that any of the defendants were convicted of falsifying business records, this claim must fail.

Plaintiffs' ORICO claims also rely on criminal possession of a forged instrument. This claim does not require a conviction. *See* O.R.S. § 166.725(7)(a). "[A] person commits the crime of criminal possession of a forged instrument in the first degree if, knowing it to be forged and with intent to utter same, the person possesses a forged instrument of the kind and in the amount specified in ORS 165.013 (1)." O.R.S. § 165.022(1). Section 165.013 specifies that the written instrument must be one of the following:

> (A) Part of an issue of money, securities, postage or revenue stamps, or other valuable instruments issued by a government or governmental agency;

> (B) Part of an issue of stock, bonds or other instruments representing interests in or claims against any property or person;

> (C) A deed, will, codicil, contract or assignment;

> (D) A check for $1,000 or more, a credit card purchase slip for $1,000 or more, or a combination of checks and credit card purchase slips that, in the aggregate, total $1,000 or more, or any other commercial instrument or other document that does or may evidence, create, transfer, alter, terminate or otherwise affect a legal right, interest, obligation or status; or
>
> (E) A public record[.]

O.R.S. § 165.013.

The only subsection that might apply to the allegedly forged emissions testing data that defendants submitted to the EPA is the "public record" option. According to O.R.S. § 192.005, a public record includes, but is not limited to, "a document, book, paper, photograph, file, sound recording or machine readable electronic record, regardless of physical form or characteristics, made, received, filed or recorded in pursuance of law or in connection with the transaction of public business, whether or not confidential or restricted in use." O.R.S. 192.005(5). The allegedly forged documents in this case should be construed as "public records" because they were submitted to the EPA pursuant to federal law.

To properly state a claim under ORICO, however, a plaintiff must also allege that he or she was injured by the defendant's predicate acts of racketeering. *Beckett v. Computer Career Inst., Inc.*, 852 P.2d 840, 842 n.4 (Or. Ct. App. 1993). Proximate cause, not simply but-for causation, is required between the predicate act and the plaintiff's harm. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). If the alleged RICO violation is not itself the immediate cause of the plaintiff's injury, then the proximate cause requirement will preclude recovery. *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 981 (9th Cir. 2008).

The immediate harm suffered here was by the federal agency in issuing compliance documents in reliance on the forged testing records. Plaintiffs' allegation that they are entitled to their lost investment and lost profits because of defendants' alleged possession of a forged public

23 - OPINION AND ORDER

record is attenuated.  Plaintiffs' claimed harm results from their inability to sell defendants' motorcycles, not defendants' predicate act of possessing forged public records.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457-58 (2006) (holding that the defendant's predicate act of defrauding the State of New York, which allowed defendant to offer lower prices, was distinct from the loss of revenue suffered by the plaintiffs); *Canyon Cnty.*, 519 F.3d at 982 (holding that the cause of the plaintiff's harms was a set of actions distinct from the alleged RICO violation).  Although plaintiffs may have met the minimal pleading requirements for a RICO claim, they failed to plead a crucial element of ORICO.  Accordingly, plaintiffs failed to state a claim under ORICO as well.

Leave to amend these Complaints is unwarranted because plaintiffs have had myriad opportunities to clarify their allegations—four Complaints and four amendments in total—and yet still failed to state a claim.  *See Edwards*, 356 F.3d at 1066 (declining to grant leave to amend where the plaintiff "already had that chance and declined to exercise it").  Additionally, the evidence shows that an amendment could not save plaintiffs' fraud and RICO claims from dismissal based on the statute of limitations.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that dismissal with prejudice and without leave to amend is appropriate if it is clear on *de novo* review that the Complaint cannot be saved by amendment).

## **CONCLUSION**

Although this court may exercise personal jurisdiction over some of the defendants, plaintiffs' claims based on fraud and federal RICO claims must be dismissed due to the expiration of the statute of limitations.  Plaintiffs failed to state a claim under Oregon's RICO

24 - OPINION AND ORDER

statute.  No leave to amend will be granted because plaintiffs failed to state their claims despite

multiple Complaints and amendments.  Defendants' Motion to Dismiss [132] is granted.

Plaintiffs' consolidated actions in *Rubicon II* (09-818-HA), *Rubicon III* (09-1397-HA), and

*Rubicon IV* (10-833-HA) are dismissed with prejudice.   Plaintiffs' Motion for Discovery [146] is

denied as moot.

IT IS SO ORDERED.

      DATED this  18   day of November, 2010.

                /s/ Ancer L. Haggerty
                    Ancer L. Haggerty
                United States District Judge